UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| B.A. and H.A., individually and on behalf of their child, L.A., <br><br> Plaintiffs, <br><br> v. <br><br> NEW YORK CITY DEPARTMENT OF EDUCATION, <br><br> Defendant. | No. 24-CV-7676 (RA) <br><br> OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

Plaintiffs B.A. and H.A. bring this action individually and on behalf of their child, L.A., under the Individuals with Disabilities Education Improvement Act of 2004 (IDEA) and 42 U.S.C. Section 1983 against the New York City Department of Education ("DOE"). Plaintiffs initially sought an order that DOE issue them an outstanding reimbursement for tuition and other related costs, in accordance with a DOE administrative decision. During the pendency of this matter, however, DOE issued Plaintiffs the principal reimbursement they sought. Now before the Court is Plaintiffs' partial motion for summary judgment, seeking interest for the period in which that reimbursement was delayed. For the reasons that follow, Plaintiffs' motion is denied.

**BACKGROUND**

The following facts are derived from the administrative record and the parties' submissions and are not in dispute. Plaintiffs B.A. and H.A. are parents to L.A., a child who went through a series of hardships in late 2021 and 2022. After multiple suicide attempts, L.A. was hospitalized at the end of 2021 and diagnosed in January 2022 with Generalized Anxiety Disorder and Major Depressive Disorder. Dkt. No. 17-2 (FOFD) at 10. L.A. was enrolled in public school before their hospitalization. *Id.* at 11. Following the recommendation of L.A.'s neuropsychological evaluator,

B.A. and H.A. eventually enrolled L.A. in a private school with a lower student-to-teacher ratio. *Id.* at 4.  Plaintiffs applied to the DOE for financial assistance—including L.A.'s private school tuition and counseling costs—under the IDEA.  *Id.* at 2.  In a February 5, 2024 Findings of Fact and Decision (FOFD), the Impartial Hearing Officer ("Hearing Officer") determined that Plaintiffs were entitled to financial assistance.  Specifically, the Hearing Officer ordered DOE to reimburse Plaintiffs for tuition "upon receipt of documentation of payment and attendance" for the 2022-2023 and 2023-2024 school years.  *Id.* at 18.  The Hearing Officer further ordered DOE to reimburse Plaintiffs for counseling and neuropsychological evaluation costs incurred by Plaintiffs during the 2021-2022 school year.  *Id.*  The FOFD, however, was silent on the issue of interest owed to Plaintiffs in case of delayed reimbursement, and it does not appear from the record that either party raised the issue before the Hearing Officer.

On March 18, 2024, Plaintiffs, through counsel, submitted to DOE documents required for the issuance of tuition and counseling reimbursement under the terms of the FOFD, seeking a total of $93,535.55.  Dkt. No. 17-1 (Shane Aff.) ¶ 8.  DOE sent a $5,000 check to Plaintiffs on June 12, 2024, which Plaintiffs received "[s]everal days later."  *Id.* ¶ 12.  Although DOE declares that it issued a second check for the remaining $88,535.55 on June 18, 2024, Kapoor Decl. ¶ 6, Plaintiffs' counsel insists that Plaintiffs never received the June 18, 2024 check. Shane Aff. ¶ 18.  Plaintiffs assert that they followed up with DOE by email seventeen times during the course of July, August, and September, seeking information on the $88,535.55 check.  *Id.*, ¶ 15.  DOE did not respond until September 27, 2024, when it informed Plaintiffs' counsel that they had sent the check in June. *Id.*, ¶ 17.  On that same day, Plaintiffs requested that the missing check be reissued; DOE did not respond.  *Id.*, ¶ 19.

Plaintiffs filed their Complaint on October 9, 2024, alleging that DOE's failure to implement the FOFD violated the IDEA.  The Complaint seeks the $88,535.55 in reimbursement and other related damages under 42 U.S.C. § 1983, including "interest from the date Plaintiffs provided all documentation required by DOE to facilitate reimbursement as ordered in the [FOFD] until the date of payment pursuant to the calculation method set forth in 28 U.S.C. § 1961(a)." Compl. at 8.[1]  On December 9, 2024, "[p]ursuant to the Complaint in this Matter," DOE "confirmed" that the $88,535.55 check had "not been cashed."  Kapoor Decl. ¶ 7.  On December 9, 2024, DOE sent Plaintiffs a new check in that same amount, *id.*, which Plaintiffs received on December 14, 2024, Dk. No. 18 (Pls.' Mem. of Law) at 4.  Plaintiffs nonetheless continue to seek prejudgment interest on the reimbursement payment.

## LEGAL STANDARD

"Congress enacted the IDEA to ensure that students with disabilities receive an education that adequately addresses their specific needs.  Specifically, the IDEA provides that states receiving federal funds are required to provide all children with disabilities a free appropriate public education," or "FAPE." *Hidalgo v. Porter*, 2023 WL 8810276, at *1 (S.D.N.Y. Dec. 20, 2023) (citing *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 107 (2d Cir. 2007)). "Parents who believe that their child has been denied a FAPE may unilaterally place their child in an appropriate private school and seek tuition reimbursement from the state through a due process administrative proceeding."[2] *Id.* at 361 (explaining the IDEA scheme in New York).

Generally, "[s]ummary judgment in an IDEA action is in substance an appeal from an administrative determination." *Id.* at 364.  Here, however, Plaintiffs seek not to appeal an

---

[1] The Complaint also seeks an award of attorneys' fees under the IDEA itself, but Plaintiffs do not move for summary judgment on fees.

[2] All quotations omit internal quotation marks, alterations and citations unless otherwise noted.

3

administrative denial but instead to fully implement the favorable FOFD and obtain an interest award. "Although § 1415(i)(2)(A) [of the IDEA] prevents plaintiffs from seeking to enforce a favorable administrative decision, the Second Circuit has ruled that [such] an action may be brought under 42 U.S.C. § 1983 in order to remedy a violation of the IDEA." *A.K. v. Westhampton Beach Sch. Dist.*, 2019 WL 4736969, at *11 n.10 (E.D.N.Y. Sept. 27, 2019) (citing *Mrs. W. v. Tirozzi*, 832 F.2d 748, 755 (2d Cir. 1987)). Therefore, the familiar summary judgment standard applies, and judgment is appropriate if the "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* at *9 (citing Fed. R. Civ. P. 56(a)).

## DISCUSSION

As DOE has now issued the principal payment to Plaintiffs in full, the only remaining question presented in the instant motion is whether Plaintiffs are owed interest for some or all of the time between the date Plaintiffs submitted the documentation required by the FOFD and the date they received the reimbursement payment. There do not appear to be any factual disputes that bear on this question: the parties agree that the FOFD ordered DOE to reimburse Plaintiffs on February 5, 2025, Plaintiffs submitted all necessary documentation as of March 18, 2024, and Plaintiffs did not receive the bulk of the payment until December 14, 2024. Thus, only legal issues remain. Plaintiffs urge this Court to award them interest to compensate for the delay in DOE's compliance with the Hearing Officer's order. DOE argues in response that this case is moot in light of Plaintiffs' receipt of that payment, and that an interest payment is both unwarranted and outside the scope of the Hearing Officer's FOFD. For the reasons set forth below, the Court concludes that although the case is not moot, an award of prejudgment interest is not warranted and thus denies Plaintiffs' motion for partial summary judgment.

4

### I.    The Case is Not Moot

DOE argues that this case is moot, and the Court thus cannot award interest to Plaintiffs, because (a) they received the payment required by the FOFD during the pendency of this litigation and (b) any judgment by this Court regarding the underlying FOFD award "would, by necessity, be for $0.00" and cannot be subject to interest.  Def.'s Opp'n at 5.  The Court disagrees on both counts.

First, DOE's tender of the reimbursement payment does not render this case moot, as Plaintiffs specifically sought prejudgment interest in their Complaint.  Compl. ¶ 25.  So long as a court can provide a plaintiff "with any effectual relief," the case is not moot.  *Uzuegbunam v. Preczewski*, 592 U.S. 279, 282 (2021).  An interest award constitutes such effectual relief.  *See City of Milwaukee v. Cement Div., Nat'l Gypsum, Co.,* 515 U.S. 189, 197 (1995).  "Accordingly, there is a live controversy for which the Court can grant relief," and the case is not moot.  *Int'l Refugee Assistance Project, Inc. v. U.S. Citizenship & Immigration Servs.*, 551 F. Supp. 3d 136, 165 (S.D.N.Y. 2021).

Second, the Court rejects DOE's argument that any interest payment award "would, by necessity, be for $0.00," such that the claim seeking such an interest payment is moot.  According to DOE, because the Court may no longer award reimbursement to Plaintiffs—because the DOE itself already reimbursed them—there is no remaining figure Plaintiffs are entitled to upon which to calculate an interest payment.  However, "[a]n argument that claims mootness based on a challenge to the legal availability of a certain kind of relief . . . confuses mootness with the merits."  *Chevron Corp. v. Donziger*, 833 F.3d 74, 127 (2d Cir. 2016).  And as Plaintiffs note, there is precedent in this District and Circuit for awarding prejudgment interest when a "Defendant decided on its own to pay Plaintiff benefits," even though "Plaintiff never won a judgment."  *Barrett v. Hartford Life & Acc. Ins. Co.*, 2012 WL 6929143, at *2 (S.D.N.Y. Nov. 9, 2012) (collecting cases).

**II.      IDEA's Administrative Exhaustion Requirement Does Not Bar Section 1983 Relief**

DOE next argues that Plaintiffs are not entitled to partial summary judgment because they have not exhausted their administrative remedies below, therefore depriving the Court of subject matter jurisdiction.  Because the FOFD did not include a requirement that DOE pay Plaintiffs interest for any delay in payment, and because Plaintiffs did not appeal the FOFD for its failure to include such an interest award, DOE argues that Plaintiffs must return to the Hearing Officer to obtain an FOFD ordering interest.  But Plaintiffs seek full enforcement of an administrative order under Section 1983, rather than relief under the IDEA itself, so the IDEA's administrative exhaustion requirement does not deprive the Court of subject matter jurisdiction.

It is true that claims brought under the IDEA typically face a statutory exhaustion requirement, and "[j]udicial review is normally not available . . . until all administrative proceedings are completed." *M.G. v. N.Y.C. Dep't of Educ.*, 982 F. Supp. 2d 240, 246 (S.D.N.Y. 2013).   In *Luna Perez v. Sturgis Public Schools*, 598. U.S. 142 (2023), however, the Supreme Court "adopted a narrower view of the IDEA exhaustion requirement, hold[ing] that [it] applies *only* to claims that seek a remedy available under the IDEA."  Therefore, claims seeking "a form of relief . . . [the] IDEA does not provide . . . need not be exhausted." *Simmons v. Murphy*, 2024 WL 2837625, at *3 (2d Cir. June 5, 2024) (emphasis in original).

The relief that Plaintiffs seek here is unavailable under the IDEA itself, but is instead only available under Section 1983.  A "private cause of action . . . is only available [under the IDEA] when a party is aggrieved 'by the findings and decision' of an administrative hearing process." *Canton Bd. of Educ. v. N.B.*, 343 F. Supp. 2d 123, 128 (D. Conn. 2004) (quoting 20 U.S.C. § 1415(i)(2)(A)).  Plaintiffs were not aggrieved by the Hearing Officer's "findings and decision"— indeed, they seek to enforce the FOFD, not appeal it.  In this Circuit, district courts have "jurisdiction pursuant to Section 1983 to enforce favorable IDEA administrative decisions," which

6

is the relief Plaintiffs seek here.  *L.B. v. N.Y.C. Dep't of Educ.*, 2023 WL 1779550, at *5 (S.D.N.Y. Feb. 6, 2023) (citing *Mrs. W.*, 832 F.2d at 755).  As Plaintiffs rely not upon the IDEA but instead Section 1983, Compl. ¶ 25, they are not bound by the IDEA's administrative exhaustion requirement.

In urging otherwise, DOE relies primarily on *Hidalgo v. Porter*, a case which held that parents seeking reimbursement for loan interest under the IDEA had not exhausted their administrative remedies.  2023 WL 8810276, at *1.  *Hidalgo*, however, is inapposite.  In that case, the plaintiffs initially petitioned DOE for direct payment, as opposed to reimbursement, of education expenses.  *Id.* at *5.  The hearing officer in *Hidalgo* denied the direct payment claim and awarded only reimbursement.  *Id.* at *1.  The *Hidalgo* plaintiffs failed to appeal the hearing officer's denial and instead took on a loan from a private lender.  *Id.* at *2.  And, when the plaintiffs brought their IDEA action in the district court, they had yet to file documentation necessary for reimbursement.  *Id.* at *3.  They sought the specific interest amounts owed to the private lender, rather than interest on the Hearing Officer's award.[3] *Id.*  The *Hidalgo* court concluded that when DOE finally did receive reimbursement documentation, it made "timely payments" to the plaintiffs.  *Id.* at *6.  The facts here are fundamentally different.  There was no adverse ruling for Plaintiffs to appeal, and they were thus not "aggrieved" under the IDEA.  Rather, this case presents a question of implementation, not error on the Hearing Officer's part.  Because Plaintiffs' claim is brought under Section 1983 and "the remedy sought is not for the denial of a FAPE, then exhaustion of the IDEA's procedures is not required." *Rutherford v. Fla. Union Free Sch. Dist.*, 2019 WL 1437823, at *22 (S.D.N.Y. Mar. 29, 2019).[4]

---

[3] DOE also cites *Mizuta et al. v. Banks et al.*, 22-CV-5522, Dkt. No. 96 (S.D.N.Y. Sept. 9, 2024) for this same proposition.  But that case also involved a request for interest reimbursement as to a private loan and is distinguishable on the same grounds as *Hidalgo*.

[4] *Hidalgo* also relies on *Polera v. Board of Education*, 288 F.3d 478, 483 (2d Cir. 2002).  Subsequent to *Hidalgo*, the

### III.    A District Court May Award Interest in the IDEA Context

The Court next turns to the merits of Plaintiffs' summary judgment motion.  District courts reviewing cases involving the IDEA have the discretion to award prejudgment interest, something DOE does not appear to dispute in its Opposition.  It is true that the IDEA itself makes no mention of prejudgment interest.  But courts in this District have long held that "prejudgment interest is generally appropriate in Section 1983 actions," *Rao v. N.Y.C. Health & Hosps. Corp.*, 882 F. Supp. 321, 326 (S.D.N.Y. 1995), and Plaintiffs' claim for relief falls under Section 1983, not the IDEA itself.  Even the IDEA's silence does not preclude an interest award: "Far from indicating a legislative determination that prejudgment interest should not be awarded, however, the absence of a statute authorizing interest merely indicates that the question is governed by traditional judge-made principles."  *Bd. of Governors of Fed. Reserve Sys. v. Pharaon*, 169 F.3d 110, 114 (2d Cir. 1999) (citing *Cement Div.*, 515 U.S. 189 at 194.  "In a suit to enforce a federal right, the question of whether or not to award prejudgment interest is ordinarily left to the discretion of the district court."  *H.C. v. N.Y.C. Dep't of Educ.,* 71 F.4th 120, 128 (2d Cir. 2023).

Indeed, in *Streck v. Board of Education*, the Second Circuit awarded prejudgment interest in addition to reimbursement under the IDEA.  408 F. App'x 411, 415 (2d. Cir. 2010) (summary order); *see also A. v. Hartford Bd. of Educ.*, 2017 WL 1967498, at *4 (D. Conn. May 11, 2017).  And in *H.C. v. New York City Department of Education*, the Circuit similarly held that "district courts may award prejudgment interest under 20 U.S.C. § 1415(i)(3)(B)(i)," the IDEA provision concerning attorneys' fees.  71 F.4th at 129.

---

Second Circuit "recognized that *Luna Perez* abrogated our . . . holding[] in . . . *Polera* and . . . therefore concluded that [that] decision [is] 'no longer good law.'" *Simmons*, 202 WL 2837625 at *4 (quoting *Doe v. Franklin Square Union Free Sch. Dist.*, 100 F.4th 86, 102 (2d Cir. 2024)).  *Hidalgo*, therefore, no longer supports the imposition of an administrative exhaustion requirement in the circumstances presented by Plaintiffs' motion.

DOE alternatively argues that what Plaintiffs truly seek is *post*-judgment interest on the FOFD award, given there is no reimbursement left for this Court to award Plaintiffs given that it "has fully implemented the underlying order." Def.'s Opp'n at 6. DOE further asserts that an award of post-judgment interest would be impermissible here, as the FOFD is not a judgment. Essentially, DOE contends that because it has now paid the money that was due, there has not been and cannot be any judgment regarding the reimbursement payment that could even warrant an interest award, and therefore post-judgment interest is not available, because an award issued by a Hearing Officer under the IDEA does not constitute a judgment. Not so. Although DOE is correct that no judgment has been entered, an administrative decision like the FOFD *can* serve as a judgment for the limited purposes of awarding interest. As the Second Circuit explained in the context of the FDI Act in *Board of Governors of Federal Reserve Systems. v. Pharaon*, "the administrative agency serves the role of a trial court and its order is analogous to the final decision of a district court." 169 F.3d at 114–15. To the extent that what Plaintiffs truly seek is post-judgment interest on the FOFD award, such an award is still within the Court's discretion. *Id.* In other words, regardless of whether a post-FOFD interest award would technically constitute pre- or post-judgment, therefore, it is within the Court's discretion to issue it.

## IV.     An Award of Prejudgment Interest Is Not Warranted

Finally, having determined that a prejudgment interest award is available in the Court's discretion, the Court must next determine whether such an award is appropriate in this case. In exercising such discretion, district courts must determine whether an interest payment is "fair, equitable and necessary to compensate the wronged party fully." *Wickham Contracting Co.*, 955 F.2d at 835. Plaintiffs argue that the Court should exercise its discretion to award prejudgment interest, as parents should not be forced to front the cost of tuition payments due under the IDEA, when the delay in reimbursement was not their fault. Pls.' Mem. of Law at 7. The Court disagrees.

9

The months-long delay in payment here, though unfortunate, does not warrant an award of pre-judgment interest.   While the Court recognizes that the delay in payment may have caused Plaintiffs some difficulty, they have now been "compensate[d] fully" and interest is thus not "necessary." *Wickham Contracting Co.*, 955 F.2d at 835.

To be sure, in enacting the IDEA, Congress "did not intend the child's entitlement to a free education to turn upon her parent's ability to 'front' its costs." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 456 (2d Cir. 2015) (citing *Miener v. Mo.*, 800 F.2d 749, 753 (8th Cir. 1986)).   But other courts in this District have rightly drawn a distinction between delays of several years, which have warranted an award of prejudgment interest, and delays of several months, which have not.   In *E.K. v. N.Y.C. Department of Education*, for instance, the court denied plaintiffs prejudgment interest in a case very similar to this, where parents "did not receive the vast majority of reimbursements owed to them until nearly eight months after they initially provided proof of payment" to DOE.   2025 WL 2753258 at *3. As the *E.K.* court noted, a months-long delay in payment, while certainly "troubling," does not necessarily reflect a departure from DOE's "ordinary payment procedures." *Id.*   Other courts have ruled similarly.   *See T.H. v. N.Y.C. Dep't of Educ.*, 2022 WL 16945703, at *6 (S.D.N.Y. Nov. 15, 2022), *R. & R. adopted*, 2022 WL 17991623 (S.D.N.Y. Dec. 29, 2022), *aff'd sub nom. Y.G. v. N.Y.C. Dep't of Educ.*, 2025 WL 2080218 (2d Cir. July 24, 2025) (six-month delay not "unreasonable" and interest not awarded). Similarly, as the Second Circuit has explained, the "practical realities of bureaucratic administration" mean that DOE cannot always process "immediate [tuition] payment or reimbursement." *Mendez v. Banks*, 65 F.4th 56, 63 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 559 (2024).   DOE presumably needs "some amount of time to process and pay submitted invoices." *Id.*   While parents should not have to bring a lawsuit nor repeatedly contact DOE to obtain

reimbursement, the approximately nine-month delay here does not itself warrant the award of interest.

Plaintiffs cite *Streck v. Board of Education* to support their argument that prejudgment interest is appropriate when DOE makes a delayed reimbursement payment. 408 F. App'x 411 (2d. Cir. 2010). But that case involved far more egregious facts and is easily distinguishable.[5] In *Streck*, the Circuit awarded pre-judgment interest following a delay in reimbursement of nearly a decade. *Id.* at 414. In the circumstances of a protracted, years-long delay in reimbursement, an award of pre-judgment interest may indeed be "necessary" to fully compensate IDEA plaintiffs, *id.*, but that is not what occurred here. Plaintiffs were fully reimbursed within a year of the FOFD. The delay here thus appears to have been a product of the "practical realities of bureaucratic administration." *Mendez*, 65 F.4th at 63. Of course, ideally, reimbursement payments would be processed in days or weeks, not months. The delay here, however, is not so egregious as to warrant a discretionary interest award.

## CONCLUSION

For the foregoing reasons, Plaintiffs' partial motion for summary judgment is denied. The Clerk of Court is respectfully requested to terminate the motion pending at Docket Number 17.

SO ORDERED.

Dated:        February 19, 2026
             New York, New York

_____
Ronnie Abrams
United States District Judge

---

[5] Plaintiffs also cite *Doe v. East Lyme Board of Education* for the notion that an interest award is appropriate here. That case concerned the applicability of the IDEA's stay-put provision, not the appropriateness of an award of a pre-judgment interest, 790 F.3d at 445, and is thus too distinguishable.